**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOISES RODRIGUEZ-VALLA, | No.   15-70926 |
| Petitioner, | Agency No. A200-827-142 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2019
Seattle, Washington

Before:  W. FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Petitioner Moises Rodriguez-Valla ("Rodriguez-Valla"), a native and citizen

of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

denial of his motion for reconsideration, motion for reopening, and motion for *sua*

*sponte* reopening of his removal proceedings.  We have jurisdiction under

8 U.S.C. § 1252(a) and we deny the petition.

1.  Rodriguez-Valla filed a motion to reopen after the BIA dismissed his

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

appeal from the immigration judge's ("IJ") removal and voluntary departure order. The BIA denied the motion to reopen on the ground that Rodriguez-Valla was ineligible for adjustment of status because he had failed to comply with his voluntary departure order and there was no evidence that the departure order had been terminated. Rodriguez-Valla did not timely petition this court for review of that denial. Instead, he filed a motion for reconsideration with the BIA, asserting that his voluntary departure period had been extended by his local Department of Homeland Security ("DHS") office and attaching exhibits in support of that claim. Treating Rodriguez-Valla's motion as a motion for reconsideration, a second motion for reopening, and a motion for *sua sponte* reopening, the BIA denied all three forms of relief. We find the BIA did not abuse its discretion in denying either reconsideration or reopening, and that Rodriguez-Valla fails to identify a legal or constitutional error with the BIA's denial of *sua sponte* reopening.

2. The BIA did not abuse its discretion in denying reconsideration on the ground that Rodriguez-Valla had "not identified a material error of fact or law" with its prior denial of the first motion to reopen. The BIA also correctly declined to consider Rodriguez-Valla's new claim and evidence regarding the alleged extension of his voluntary departure period as part of its reconsideration decision on the basis that "a motion to reconsider is not a vehicle to raise issues that should have been presented previously." *See Socop–Gonzalez v. INS*, 272 F.3d 1176,

2

1180 n.2 (9th Cir. 2001) (en banc) (emphasis in original) ("The purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact."). The record before the BIA when Rodriguez-Valla filed his first motion to reopen did not indicate that his voluntary departure had been extended or terminated. Accordingly, the BIA did not err in concluding that Rodriguez-Valla's first motion to reopen, which was filed after the expiration of his voluntary departure period, had no legal effect in terminating his voluntary departure order or otherwise precluding the penalties for his failure to depart from taking effect. *See* 8 C.F.R. § 1240.26(e)(2) ("The filing of a motion to reopen or a motion to reconsider after the time allowed for voluntary departure has already expired does not in any way impact the period of time allowed for voluntary departure under this section."). We affirm the BIA's denial of reconsideration.

3. The BIA also did not abuse its discretion in treating Rodriguez-Valla's new claim and evidence as a "second" motion to reopen and denying it as time- and number-barred. A motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal," 8 U.S.C. § 1229a(c)(7)(C)(i), and an alien is limited to one such motion. *Id.* § 1229a(c)(7)(A); *see also* 8 C.F.R. § 1003.2(c)(2). Rodriguez-Valla's "second" motion to reopen exceeded both the statutory time and number limits, and he did not argue that equitable tolling was

warranted.  Thus, we affirm the BIA's denial of a "second" reopening.

4.  Generally, we lack jurisdiction to review a BIA denial of *sua sponte* reopening.  *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).  We may, however, "review denials of *sua sponte* reopening where . . . there is 'law to apply' in doing so."  *Bonilla v. Lynch*, 840 F.3d 575, 587 (9th Cir. 2016).  As such, we have jurisdiction to review the BIA's denial of *sua sponte* reopening "for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error."  *Id*. at 588.  Here, however, petitioner fails to identify any legal or constitutional error with the BIA's decision not to reopen *sua sponte*.  In denying *sua sponte* reopening, the BIA concluded that DHS did not extend Rodriguez-Valla's voluntary departure, despite the documentation he submitted in support of that claim.  Although the documentation raises some questions regarding the actions of DHS in Rodriguez-Valla's case, particularly in regard to its issuance of the Form I-210, Rodriguez-Valla ultimately fails to identify any legal error with the BIA's interpretation of those documents.  Nor can he point to any law by which we can determine whether the BIA premised its decision on an incorrect legal understanding.  As such, we do not disturb the BIA's decision to decline *sua sponte* reopening, and we deny Rodriguez-Valla's petition for review.

**PETITION DENIED**.